No. 581

**GATH v. TRAVELERS INS. CO.**

Ohio Appeals, 1st Dist., Butler Co.

No. 223. Decided May 22, 1924

Note. (This judgment was affirmed by the Supreme Court of Ohio, May 12, 1925, three judges deciding that the judgment of the Court of Appeals should be affirmed; three judges that the judgment should be reversed; and one judge not participating.)

940. POWERS—Court did not abuse its discretion in granting Insurance Company application for permission to perform autopsy, provision for being contained in policy; and upon refusal to dismiss action of plaintiff.

HAMILTON, J.

Maggie L. Gath brought her action in the Butler Common Pleas to recover on a policy of accident insurance issued by the Travelers Insurance Co. The policy was taken out by Charles Gath, husband of Maggie Gath, she being the beneficiary in case of accidental death of her husband.

Under the terms of the policy, the company agreed to pay $7500 to plaintiff in case of accidental death of Charles Gath. He, having died, plaintiff alleged in her petition that he suffered an accident which resulted in his death. The company requested permission to perform an autopsy, which the policy by its terms declared it might do, but was refused. Thereupon an application was made to the Court to require Mrs. Gath to permit an autopsy to be made, and upon hearing she was ordered to permit the company to make the autopsy. Upon refusal of Mrs. Gath, the Common Pleas dismissed her petition.

Error was prosecuted and Mrs. Gath contended that the demand for an autopsy must be made upon a proper person, within a reasonable time after death, and before burial; and that this was a question for the jury in the trial of the case. Also that the court was without power to order the autopsy.

It seems from the record that the request was made of a son of the Gaths for permission to perform an autopsy, who refused to permit it, and also refused to communicate the request to his mother, declaring she was in a distressed mental condition and that rather than have an autopsy no claim would be made under the policy. This was on April 26, 1923, the death having occurred on April 23, 1923. The company continued to urge its claim for permission, and on May 11, 1923, partial arrangements for an autopsy were made, when the consent was withdrawn. The Court of Appeals in affirming the Common Pleas, held:

1. If the court had the power to order an autopsy and dismiss the action, in case of refusal, it did not abuse its discretion in granting the applicatoin and dismissing the petition.

2. The policy gave the company the right t operform an autopsy as a contractual obligation.

3. The company might defend on the ground of a breach of the contract in the refusal, or it might defend on the question of evidence relating to the cause of the death, whether or not it was an accidental death.

4. In a personal injury case, under Turnpike Co. v. Baily, 37 OS. 104, the court had the power in its discretion to require plaintiff to submit his person to an examination by physicians, when necessary to ascertain the extent of the injury. In principle, the beneficiary ought to meet the same requirements, when she is seeking to recover on a contract of insurance, where the sole question is whether or not the injury caused the death.

5. On principle, and on authority, of the aforementioned case, the trial court did not err in granting the application, and on refusal to consent to an autopsy, in dismissing the action. Judgment affirmed.

Attorneys—W. C. Shepherd and Andrews, Andrews and Rogers, Hamilton, for Gath; McMahon, Corwin & Landis, Dayton, Harry S. Wonnell, Hamilton, and Sawyer & Paxson, Cincinnati, for Company.

---

## SUPERIOR COURT

No. 582

**McCARTHY v. CINC. TRACTION CO.**

Superior Court of Cincinnati

58,925, Decided............

CHARGE TO JURY.—Where no issue of contributory negligence is made, no error is committed by court's refusal to charge on this subject.

MARX, J.

Hazel McCarthy filed an action for negligence claiming that the traction company was negligent in colliding with an automobile in which she was riding as a guest. The defendant filed a general denial to plaintiff's petition, but did not charge contributory negligence on the part of plaintiff. No evidence of contributory negligence was introduced. After the general charge, the defendant railway requested the court to charge on contributory negligence which the court refused to do. In overruling the motion for a new trial the court held:

1. In an action alleging negligence against the defendant where the answer is a general denial and, defendant does not suggest the issue of contributory negligence by evidence or argument, until after the general charge to the jury, it is not error to refuse a request to charge on that subject.

Attorneys.—E. P. Moulinier, for plaintiff; J. M. McCaslin, for defendant.